IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-67-BO

| | | |
|---|---|---|
| PURYEAR TRANSPORATION COMPANY, INC., PURYEAR TANK LINES, INC., and HAROLD A. PURYEAR TRUCKING CO., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | O R D E R |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on defendant's motion to dismiss. [DE 13]. The motion has been fully briefed and is ripe for disposition. For the reasons that follow, defendant's motion to dismiss [DE 13] is granted in part and denied in part.

BACKGROUND

In June 2017, a mail truck owned by the U.S. Postal Service and driven by a U.S. Postal Service employee collided with a dump truck owned by Harold A. Puryear Trucking Co. ("Puryear Trucking") and registered to Puryear Transportation Company, Inc. ("Puryear Transportation"). [DE 1, ¶¶ 1, 11]. The collision occurred near Jacksonville, North Carolina. *Id.* ¶ 12. The mail truck driver, Ms. Carol Cannon Pinaha, was issued a citation for "Unsafe Movement" in violation of N.C. Gen. Stat. §20-154 by the North Carolina Highway Patrol. *Id.* ¶¶ 1, 20.

Plaintiff alleges that, following the accident, Primacy Risk Services timely filed an administrative claim on behalf of all three plaintiffs—Puryear Trucking, Puryear Transportation, and Puryear Tank Lines, Inc. ("Puryear Tank Lines")—for property and economic damages

sustained as a result of the accident. *Id.* ¶ 21. In September 2018, plaintiffs' administrative claim was denied. *Id.* ¶ 22.

Plaintiffs initiated this action in February 2019. [DE 1]. Plaintiffs assert a single cause of action for negligence pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq. Id.* ¶¶ 23–28. Defendant has moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that two plaintiffs—Puryear Trucking and Puryear Transportation—have not exhausted their administrative remedies, and the third plaintiff—Puryear Tank Lines—has not suffered an injury or loss. [DE 13, 14]. Plaintiffs have responded in opposition to dismissal. [DE 17].

## DISCUSSION

Defendant has first moved to dismiss Puryear Trucking and Puryear Transportation's FTCA claim for lack of subject-matter jurisdiction under Rule 12(b)(1). The existence of subject-matter jurisdiction is a threshold question that a court must address before considering a case's merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–89 (1998). "Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). When subject-matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). When a facial challenge to subject-matter jurisdiction is raised, the facts alleged by the plaintiff in the complaint are taken as true, "and the motion must be denied if the complaint alleges sufficient facts to invoke subject-matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court can consider evidence outside the pleadings without converting the motion into one for summary judgment. *See, e.g., Evans*, 166 F.3d at 647.

2

Defendant has also moved to dismiss Puryear Tank Lines's FTCA claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint must state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged," as merely reciting the elements of a cause of action with the support of conclusory statements does not suffice. *Iqbal*, 556 U.S. at 678. The Court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

In considering Rule 12(b)(1) and Rule 12(b)(6) motions, a court may consider documents attached to the complaint, as well as those attached to the motion to dismiss so long as they are integral to the complaint and authentic. Fed. R. Civ. P. 10(c); *Philips*, 572 F.3d at 180; *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In the event of a conflict between the allegations in the complaint and an incorporated external document, the external document controls. *See, e.g., Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit . . . the exhibit prevails."); *Dangerfield v. WAVY Broad., LLC*, 228 F. Supp. 3d 696, 703 (E.D. Va. 2017) ("[W]hen an external document that is incorporated into the complaint conflicts with Plaintiff's allegations, the external document controls.").

Defendant first argues that the Court lacks subject-matter jurisdiction over the FTCA claim, as asserted by Puryear Trucking and Puryear Transportation, because neither has exhausted its

3

administrative remedies. Generally, the United States and its agent, acting within the scope of their official government employment, enjoy sovereign immunity. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA provides a limited waiver of sovereign immunity, however, providing the exclusive remedy "for injury or loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the [United States] while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). But in order to assert an FTCA claim, a plaintiff must first "present the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Because sovereign immunity is implicated, plaintiffs "must file an FTCA action in careful compliance with its terms." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000).

In the context of administrative claims to the U.S. Postal Service, a claim is "deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 . . . accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . alleged to have occurred by reason of the incident." 39 C.F.R. §912.5(a). Here, defendant contends that plaintiffs correctly filed a single administrative claim, and only on behalf of Puryear Tank Lines, not Puryear Trucking or Puryear Transportation. The Standard Form 95 submitted by Primacy Risk Services, as agent, lists only Puryear Tank Lines, not either of the other plaintiffs. [DE 14-1]. Defendant thus argues that Puryear Trucking and Puryear Transportation did not exhaust their administrative remedies and the United States has not waived its sovereign immunity with respect to those plaintiffs, depriving this Court of subject-matter jurisdiction over their claims. Plaintiffs concede that Puryear

4

Transportation "does not have a proper claim before this Court." [DE 17, p. 3]. As such, Puryear Transportation's claim is dismissed for lack of subject-matter jurisdiction.

The Court finds that Puryear Trucking, however, does have a proper claim before this Court. Fundamentally, FTCA regulations require claimants to identify their claims with sufficient detail to provide the appropriate federal agency with notice. *See Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994) (explaining that a claimant meets her burden when she provides notice that "(1) is sufficient to enable the agency to investigate and (2) places a 'sum certain' value on her claim"). Other courts have noted that the notice requirement should be treated with some leniency, "recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims." *Santiago-Ramirez v. Sec'y of Dep't of Defense*, 984 F.2d 16, 19 (1st Cir. 1993) (citation omitted). Here, Primacy Risk Services, as agent of Puryear Trucking, recorded the wrong claimant in Standard Form 95. The supporting documents to Standard Form 95, however, clearly indicate that Primacy Risk Services was acting as agent of Puryear Trucking, not Puryear Tank Lines, and that Puryear Trucking, not Puryear Tank Lines, was the owner of the truck involved in the accident. [DE 14-1, p. 3–4]. Plaintiffs contend, and the Court agrees, that the inclusion of Puryear Tank Lines on Standard Form 95 in place of Puryear Trucking was mere scrivener's error. Puryear Trucking otherwise provided adequate notice of its claim and damages to the U.S. Postal Service and presented an adequate administrative claim. Puryear Trucking adequately exhausted its administrative remedies and, as such, this Court has subject-matter jurisdiction over its claims. As to Puryear Trucking, defendant's motion to dismiss is denied.

Finally, defendant moves to dismiss Puryear Tank Lines for failure to state a claim upon which relief can be granted. Defendant argues that Puryear Tank Lines, although it exhausted its

administrative remedies, has failed to plead that it suffered an actual injury or loss because it was neither the owner nor the insurer of the truck at issue. Plaintiffs "concede that Puryear Tank Lines is not the owner or the insurer of the damaged dump truck." [DE 17, p. 9]. The Court agrees; Puryear Tank Lines has not alleged sufficient facts to plausibly allege that it suffered a loss. Thus, as to Puryear Tank Lines, defendant's motion to dismiss is granted.

In sum, this Court lacks subject-matter jurisdiction over Puryear Transportation's FTCA claim, as Puryear Transportation did not exhaust its administrative remedies, but possesses subject-matter jurisdiction over Puryear Trucking's claim. Puryear Tank Lines, as neither the owner nor the insurer of the damaged truck, has not alleged sufficient facts to state a claim upon which relief can be granted. Puryear Trucking, as the owner of the truck, has alleged sufficient facts to state a claim. Puryear Trucking can proceed; Puryear Transportation and Puryear Tank Lines cannot. Accordingly, defendant's motion to dismiss is granted in part and denied in part.

## CONCLUSION

For the above reasons, defendant's motion to dismiss [DE 13] is GRANTED IN PART and DENIED IN PART. The FTCA claim alleged by Puryear Transportation Company, Inc. and Puryear Tank Lines, Inc. is DISMISSED.

SO ORDERED, this **27** day of August, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE