IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-67-BO

| | |
|---|---|
| PURYEAR TRANSPORTATION COMPANY, INC., PURYEAR TANK LINES, INC., and HAROLD A. PURYEAR TRUCKING CO., Plaintiffs, v. UNITED STATES OF AMERICA, Defendant. | ORDER |

This cause comes before the Court on the government's motions for reconsideration of the Court's August 2019 order denying the government's motion to dismiss with respect to Harold A. Puryear Trucking's claim [DE 22] and for extension of time to answer and to stay proceedings [DE 20]. For the reasons that follow, the motion for reconsideration [DE 22] is DENIED. The motion for extension [DE 20] is GRANTED.

## DISCUSSION[1]

*Motion for reconsideration*

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of

---

[1] The Court incorporates by reference as if fully set forth herein the background as set out in its 27 August 2019 order.

the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion).

The government has presented no new evidence or change in law in support of its motion. Instead, the government claims clear error causing manifest injustice. The government argues the Court erred in finding that Harold A. Puryear Trucking Co. ("Puryear Trucking") satisfied the presentation of claim requirement of the FTCA and denying the government's motion to dismiss with respect to that claim. Specifically, the government argues the Court erred in finding that Puryear Trucking presented an adequate administrative claim despite the scrivener's error on the Standard Form 95, which identified Puryear Tank Lines as the claimant but included multiple supporting documents indicating that Puryear Trucking was the claimant.

To demonstrate that a court committed a clear error which would result in manifest injustice, the decision must be "dead wrong," not "just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info Sys. & Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)).

The Court has reviewed the submissions of the parties and does not conclude that its decision was wrong. Puryear Trucking presented its claim to the United States Postal Service and was denied, satisfying its obligations under 28 U.S.C. § 2675. The scrivener's error does not invalidate this fact. The government's motion for reconsideration must be denied.

*Motion for extension of time and to stay proceedings*

The government has not answered because it intended to file the motion for reconsideration, which deals with an issue of this Court's subject-matter jurisdiction. For good cause shown, the government's motion for extension of time is granted. Discovery in this case shall begin in accord with the Local Civil Rules after the government's answer is filed and the Clerk sets the timetable for Rule 26(f) meeting and initial disclosures.

## CONCLUSION

For the foregoing reasons, the government's motion for reconsideration [DE 22] is DENIED. The government's motion for extension [DE 20] is GRANTED. The Court grants the government an additional fourteen days from the date of this order to file its answer. Discovery in this case shall begin in accord with the Local Civil Rules after the government's answer is filed and the Clerk sets the timetable for Rule 26(f) meeting and initial disclosures.

SO ORDERED, this _6_ day of November, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE